**UNITED STATES COURT OF APPEALS**    April 21, 2009

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 08-6251 |
| v. | (W.D. Oklahoma) |
| OLIVER KEITH BROWNER, | (D.C. No. 5:07-CV-00782-D) |
| Defendant - Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Oliver Keith Browner pleaded guilty in the United States District Court for the Western District of Oklahoma to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. Mr. Browner filed a pro se motion under 28 U.S.C. § 2255, asserting that his guilty plea was rendered involuntary by his trial counsel's ineffective assistance. He contended that his trial counsel's failure to subpoena evidence "left [him] with no option, but [to] plead guilty." R. Vol. 1 at 70. After holding an evidentiary hearing at which Mr. Browner and his trial counsel testified, the district court denied relief. Mr. Browner now asks us to issue a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). We deny a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* In determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

The district court has set out its factual findings and legal analysis in a thorough and carefully reasoned opinion determining that trial counsel had not provided deficient representation under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to subpoena documents and witnesses that Mr. Browner believes would have aided in his defense. The district court also determined that Mr. Browner had failed to establish prejudice within the meaning of *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), because he had not shown a reasonable probability that he would have proceeded to trial rather than plead guilty but for

error committed by trial counsel. The district court's decision could not be debated by reasonable jurists.

Mr. Browner appears to be making some additional arguments in support of his COA application, but we decline to consider them because he did not raise them in district court.

We DENY the application for a COA and dismiss the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge